**Paul Joseph MCNEIL, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 08–2040.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 2, 2009.

Opinion filed: Sept. 9, 2009.

S. Michael Musa–Obregon, Esq., Maspeth, NY, for Petitioner.

Jeffrey L. Menkin, Esq., United States Department of Justice Office of Immigra-

tion Litigation, Washington, DC, for Respondent.

Before: FUENTES, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Paul McNeil petitions for review of an order of the Board of Immigration Appeals ("BIA") vacating the Immigration Judge's ("IJ") order granting his application for cancellation of removal. We will deny the petition for review.

McNeil is a native and citizen of Jamaica, who was admitted to the United States as a lawful permanent resident in 1970 at the age of eleven. In 2007, the Immigration and Naturalization Service ("INS") issued a notice to appear charging that McNeil was subject to removal from the United States based on his convictions in New York state court in 1985 for a controlled substance offense and a firearms offense. The INS later filed two notices of "Additional Charges of Inadmissibility/Deportability" against McNeil based on his convictions in New York state court in 1981, 1990, and 2007 for controlled substance offenses. Through counsel, McNeil conceded that he is removable. McNeil applied for cancellation of removal.

McNeil testified that he is married but separated, and that he has three United States citizen children. Two of McNeil's children are adults and the youngest child, Daytwana Derby, is now fourteen years old. McNeil is Daytwana's court-ordered custodial parent and they have a close relationship. McNeil testified that Daytwana is hyperactive and that he has taken her to therapy from time to time. At the time of the hearing, Daytwana was in the care of her 70–year old grandmother and 95–year old great grandmother. McNeil stated that, since he was taken into custody, Daytwana has been doing worse in school and misbehaving. A mental health evaluation of Daytwana was performed in connection with the immigration proceedings, and the report reflects that Daytwana is suffering from a major depressive condition and symptoms of anxiety as a result of McNeil's detention.

McNeil has 11 convictions for crimes committed from 1980 through 2007. These convictions were all misdemeanors with the exception of a 1990 drug offense. McNeil admitted that he had a marijuana problem, but stated that he participated in drug rehabilitation courses while incarcerated and that he has been drug free since 1989. He stated that he pleaded guilty to a drug offense in 2007 to avoid pretrial confinement, and that he did not have drugs when he was arrested.

McNeil has worked for the City of New York on a seasonal basis. When he was not working, he received public assistance. McNeil testified that he planned to find a full-time job, care for his daughter, and remain law abiding. McNeil stated that, if deported, he would like to take Daytwana with him to Jamaica, but McNeil's mother, who also testified, felt that McNeil could not take her because he does not know anyone there.

The IJ found this case to be a close one. The IJ stated that McNeil had not been as attentive as one would expect him to be with a child with mental health problems, noting his arrests in 2006 for misdemeanor criminal mischief and disorderly conduct and a misdemeanor conviction for reckless endangerment. The IJ, however, also concluded that McNeil cares deeply for Daytwana and the rest of his family, and that he is not a bad person overall. The IJ noted that, until 2006, McNeil had gone 18 years without a conviction, and that, when McNeil was working, he was a good and reliable worker. The IJ stated that he would deny McNeil's application for can-

cellation of removal based on his criminal record absent his daughter. However, in an effort to maintain family unity, and because Daytwana is a pre-teen with exceptional needs living with elderly grandparents, the IJ granted McNeil's application in the exercise of discretion.

The BIA sustained the Government's appeal, denied McNeil's application for cancellation of removal in the exercise of discretion, and ordered McNeil's removal. The BIA agreed with the Government that significant negative factors militated against a favorable exercise of discretion. The BIA noted McNeil's 11 convictions, recognizing that most of the convictions involved simple possession of controlled substances, but stating that McNeil had also been convicted of selling marijuana, attempting to possess a weapon, and reckless endangerment. The BIA also noted that a 1990 conviction resulted in a two to four year prison sentence.

The BIA also recognized that McNeil had lived here for nearly 40 years and that he had come here as a child. But the BIA found these facts less compelling because of the amount of time McNeil had spent either incarcerated or on probation. The BIA recognized that Daytwana would experience substantial personal hardship if McNeil is removed, but stated that McNeil is not a person of significant value to his community and that he has not been meaningfully rehabilitated. Weighing the equities against the adverse factors, the BIA concluded that a favorable exercise of discretion was not warranted absent strong evidence that McNeil had no propensity to re-offend. One Board member dissented, noting that she found no error in the IJ's decision. This petition for review followed.

■ We must first address the Government's motion to dismiss the petition for review. The Government argues that we lack jurisdiction because the BIA denied McNeil's application for cancellation of re-

moval in the exercise of discretion. The Government contends that McNeil raises no colorable questions of law that might bypass the jurisdictional bar, and that 8 C.F.R. § 1003.1(d)(3)(ii) allows the BIA to review questions of discretion *de novo*. The Government states that McNeil asserts only that the BIA did not properly exercise its discretion in evaluating the evidence.

The Government is correct that "[t]his Court generally lacks jurisdiction to review discretionary decisions made under [8 U.S.C.] § 1229b regarding cancellation of removal." *Mendez–Reyes v. Attorney General,* 428 F.3d 187, 189 (3d Cir.2005). Under the Real ID Act, the Court retains jurisdiction to entertain constitutional claims and questions of law. *Id.* McNeil argues in his brief that the BIA erred as a matter of law by failing to defer to the IJ's findings and by engaging in independent fact finding in violation of 8 C.F.R. § 1003.1(d)(3)(i),(iv). McNeil also asserts that these errors denied him due process of law. Because McNeil presents questions within our jurisdiction, the Government's motion to dismiss the petition for review is denied.

■ Although we have jurisdiction over the petition for review, McNeil has not shown that the BIA erred as a matter of law. The BIA relied on 8 C.F.R. § 1003.1(d)(3)(ii), which allows the BIA to review questions of discretion *de novo*. The BIA did not disagree with the IJ's factual findings or engage in its own fact finding in violation of the regulations. Rather, the BIA's decision reflects that the BIA determined that a favorable exercise of discretion was not warranted when the equities in McNeil's case were balanced against the negative factors. To the extent McNeil challenges that determination, we lack jurisdiction to consider the BIA's discretionary decision. McNeil's due pro-

cess argument stemming from the alleged legal error is also without merit.

Accordingly, we will deny the petition for review.